[Civ. No. 4463. First Appellate District, Division One.—May 15, 1923.]

T. H. REED, Appellant, v. P. A. PALMER et al., Respondents.

[1] SALES—SAFEKEEPING OF PROPERTY—DUTY OF VENDOR.—Where a duty is imposed upon a vendor to safely keep property which is the subject of a sale, the performance of such duty is a condition precedent to his right of recovery.

[2] ID.—FAILURE TO EXERCISE PROPER CARE—EVIDENCE—FINDING.— In this action to recover the sum alleged to be the balance of the purchase price of certain steel sold by plaintiff's assignor to defendants, but which plaintiff's assignor agreed to safely store and keep at its storage yard until called for by defendants, the evidence, showing that no care whatever was taken of the materials, that the steel was stolen by the superintendent of plaintiff's assignor and sold as junk and was carted away by the purchaser during business hours, and that said superintendent was an ex-convict and was known by the officers of his employer to be such long prior to the time the transaction in question took place, was sufficient to fully support the finding of the trial court to the effect that plaintiff's assignor wholly failed and neglected to safely store and keep the materials, and that the same was stolen through the gross carelessness and negligence of plaintiff's assignor and sold to other parties.

[3] ID.—DAMAGE TO DEFENDANTS—IMMATERIAL FINDING.—In such an action, the trial court having determined that defendants were relieved from liability for the cost of the material by reason of the failure of plaintiff's assignor in the care thereof, a finding that defendants were not damaged in any sum by reason of the theft of the material is of no consequence to plaintiff and, though against the weight of the evidence, will not require a reversal of the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Haven, Athearn, Chandler & Farmer for Appellant.

Hartley F. Peart and Chas. V. Barfield for Respondents.

TYLER, P. J.—Action to recover the sum of $2,219.88, alleged to be the balance of the purchase price of certain steel sold by plaintiff's assignor to defendants.

Concerning the facts there is little or no controversy. It appears therefrom that defendants were on or about May 25, 1917, constructing a certain building for the United States government. In connection therewith they required certain structural steel, and they entered into a contract with the Concrete Engineering Company, plaintiff's assignor, to supply them with this material. The steel consisted of about eighty-five tons of re-enforcing bars, for which defendants agreed to pay $4.40 per hundredweight, amounting in all to the sum of $4,719.88. Delivery was to be made upon a certain date, but the steel did not arrive according to schedule and defendants thereupon notified plaintiff's assignor of this fact, informing it at the same time that they would be compelled to obtain the material elsewhere, and could not therefore accept delivery of the same as contracted for. The steel subsequently arrived, but too late to be used in the construction of the building for which defendants had purchased it. Efforts were then made to induce the defendants to receive it, notwithstanding the fact of its tardy arrival. These efforts proved successful, and a new arrangement was during December,

1917, thereupon entered into between the parties, by which defendants purchased and the vendor sold the steel originally contracted for, to be used in other work. The vendor continued in possession of the material and agreed to keep the same for defendants at its yard in San Francisco until called for. One of the conditions of the new arrangement was that defendants should pay the entire purchase price originally agreed upon within ninety days after December 14, 1917. Upon the completion of this agreement the steel was switched from the railroad to the yards of plaintiff's assignor and there unloaded.

Thereafter defendants called for and received delivery of a portion of the steel, amounting to some twenty or twenty-five tons, for which they gave their check in payment. Subsequently defendants asked for delivery of the remaining portion thereof, but it was then discovered that the steel had been stolen and sold as junk by the superintendent of plaintiff's assignor. Notwithstanding this fact payment for the same was demanded by the Concrete Company. Defendants refused to comply with this demand and the present suit resulted. The case was tried by the court without a jury, and judgment was rendered in favor of defendants for their costs, and this is an appeal from such judgment.

It is conceded that the transaction had between the parties amounted to a completed sale, and that the title to the steel had passed thereunder to defendants prior to the theft. This being so, it is the claim of the appellant that the loss followed the title, and defendants became liable for the contract price. The answer of the defendants, however, set up the defense that at the time the new arrangement was entered into and in consideration thereof the Concrete Company agreed to safely store and keep the steel at its storage yard, and that under such agreement it became a depositary for hire both by reason of its contract and by the express provisions of section 1748 of the Civil Code, and that the purchase price was not due therefor until the vendor had fulfilled this trust under the bailment and delivered the property to respondents.

[1] There can be no question that where a duty is imposed upon a vendor to safely keep property which is the subject of a sale the performance of such duty is a condition precedent to his right of recovery. The trial

court found that there was a negligent bailment of the goods, the finding being that the Concrete Company wholly failed and neglected to safely store and keep the materials, and that the same was stolen through the gross carelessness and negligence of the company and sold to other parties.

[2] It is claimed by the appellant that this finding is not supported by the evidence. In this connection it is argued that a warehouseman is not liable for goods stolen by his servants unless his negligence has contributed to the theft. It is true a bailee is not an insurer; but there is ample evidence in the record to show that no care whatsoever was taken of the goods. The president and general manager of the company so testified. There is also testimony to show that the steel was stolen by the superintendent of the company and was carted away by the purchaser during business hours. The superintendent was an ex-convict and was known by the officers of the company to be such long prior to the time the transaction in question took place. These facts, taken together, show the company failed to exercise the degree of care required under its bailment, and they fully support the finding of the trial court upon the subject.

[3] The final contention is made that as the court found that defendant had suffered no damage the judgment must for this reason be reversed.

In concluding its findings the court did recite that defendants had not been damaged in any sum. There was evidence in the record to show that the price of steel had advanced subsequent to the date of the contract and at the time of its theft. The finding was evidently made to conclude defendants upon any right they might have by reason of this fact; or it may have been inserted by the trial court upon the theory that as defendants had failed to pay for the steel they had therefore suffered no damage, for which reason a finding to this effect was necessary to do complete justice between the parties. Whatever the purpose its mere presence does not require a reversal of the judgment upon the ground that it is against the evidence. The title to the steel having passed by reason of the sale, defendants were liable for its value unless their defense of a negligent bailment was sound. The court under sufficient evidence found it to be so, and that finding rightfully

concludes the substantial rights of the parties. Findings should be reconciled and harmonized where possible, and should not be declared contradictory except when absolutely necessary. They should be given such a construction as will support the judgment if this may be reasonably done, rather than one which will defeat it. So construed it plainly appears therefrom that plaintiff's assignor having been negligent in the care of the property, defendants were relieved from liability for the cost of the material. The presence or absence of the finding objected to, so far as appellant is concerned, is of no consequence to him.

For the reasons given the judgment is affirmed.

St. Sure, J., and Richards, J., concurred.